UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NOVLETTE MONTAQUE,

                Plaintiff,

-against-

JACQUELINE GORMAN and JOHN LONGO

                Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

Civil Action No.: 18-CU-06961

**Jury Trial Demanded**

NOVLETTE MONTAQUE ("Plaintiff"), by and through her attorneys, ANTIN, EHRLICH & EPSTEIN, LLP, as and for her Complaint against JACQUELINE GORMAN ("Gorman") and JOHN LONGO ("Longo"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon violations by Defendants of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's and NYCCRR's requirement that hospitality employees receive one hour's pay at the minimum wage rate for any day in which their spread of hours exceeds ten, NYLL § 652(1); NYCCRR tit. 12, § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Gorman is an elderly lady who needs almost constant care. Longo is the brother of Gorman and provides direction for the care of Gorman on his behalf and pursuant to a Power of Attorney. Plaintiff worked for Defendants as an independently-hired, private-pay Personal Care Aide (PCA) from May 18th, 2014, through the present and continuing. As described below, from May 18th, 2014, through January 1, 2015, Defendants paid Plaintiff a flat salary of $200.00 per day. Around October 2015, Plaintiff's compensation was unilaterally lowered to $150.00 per day by Defendants without prior written notice or consent. On February 5, 2018, Gorman moved into Plaintiff's residence whereby Plaintiff became a 24-hour live-in employee of Defendants. Gorman was to pay Plaintiff for her room and board, etc. in addition to the wages for care. Defendants failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, from around October 2015 through the present and continuing. Defendants paid Plaintiff a flat salary of $150.00 per day that was intended to cove her full pay, and paid her nothing for any hours that she worked in a week in excess of forty hours, did not reimburse her expenses, and did not pay any other required FLSA or NYLL required compensation.

3. Defendants also failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when his spread of hours exceeded ten during a given day, as the NYLL and NYCCRR require. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday or with an accurate wage notice at the time of her hire, both as the NYLL requires.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

7. At all relevant times herein, Defendant Gorman was and is a resident of New York with a primary address currently in the home of Plaintiff.

8. At all relevant times herein, Defenant Longo was and is a resident of New York with a primary address of 34 Burchard Court, Staten Island, NY.

9. At all relevant times herein, as directed by Defendants, Defendant Gorman was and is the recipient of care provided by Plaintiff. In that capacity, Defendant Longo personally managed and oversaw the day-to-day operations of Plaintiff, and was ultimately responsible for all matters with respect to determining Plaintiff's rates and methods of pay and hours worked. Furthermore, Defendants had the power to hire and fire and approve all personnel decisions with respect to Plaintiffs employment, and Defendants did in fact hire Plaintiff. Defendant Longo also directly supervised Plaintiff.

10. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL.

## BACKGROUND FACTS

10. As directed by Defendants, Defendant Gorman was a recipient of care by Plaintiff, who worked as a PCA.

11. Beginning on May 18th, 2014, home care services by Plaintiff were provided to Defendant Gorman at her then home address of 2302 Jerome Avenue, Brooklyn, NY 11235.

12. The care by Plaintiff was to be provided to Defendant Gorman between the hours of 6:00 a.m. and 12:00 a.m. at the agreed compensation of $200 per day.

Payment was provided directly by Defendant Gorman, with Defendant Longo signing as the Attorney-in Fact.

14. The plan of care and services to be provided were established by Defendants.

15. On January 1, 2015, Defendant Gorman moved from 2302 Jerome Avenue, Brooklyn, New York 11235 to 40 Endor Avenue, Staten island, New York 10301.

16. Plaintiff continued her employment with Defendants with the expectation of the same compensation and hours of work.

17. After this change of residency, Plaintiff continued her employment with updated hours of 7:00 a.m. to 11:00 p.m. for $200.00 per day.

18. Around October 2015, Plaintiff's compensation was unilaterally lowered to $150.00 per day by Defendants without prior written notice or consent.

19. At Defendants request, Defendant Gorman moved into Plaintiffs residence on February 5, 2018, due to Defendant Gorman's diminished health and need for almost around-the-clock assistance.

20. Plaintiff tried to discuss appropriate compensation for the around-the-clock services but Defendant's continued to prolong the discussion and continued with the move-in without addressing Plaintiff's demands.

21. Instead, Defendant Longo arranged to pay Plaintiff $800.00 per month for living expenses for Defendant Gorman in addition to the unilaterally set $150.00 per day for Plaintiffs care.

22. Despite that fact, Defendant Longo informed the Plaintiff on September 10, 2018 that effective October 1, 2018 she will no longer be compensated for her care of Defendant Gorman, the Defendant remains in the care of the Plaintiff 24-hours-per-day. Defendant Gorman is in need of almost constant care, which is provided by the Plaintiff.

23. The around-the-clock care includes, but is not limited to, meal preparation, housekeeping, medication assistance, toileting and bathing aid, laundry and grooming help, social companionship, etc. Plaintiff has also assisted Defendant Gorman on countless doctors' appointments, and covered all transportation fees along with co-payment fees without any form of compensation or reimbursement in return.

24. As payment for her 24-hour live-in employment, Plaintiff must be compensated in accordance with the Fair Labor Standard Act and New York Labor Law for minimum wage compensation, overtime compensation and spread-of-hours pay, amongst other various Federal and State wage and hour laws.

25. The law requires that employers pay both the minimum or agreed-upon wage for all straight time hours and that those payments are timely. Furthermore, the law explicitly states that time worked after 40 hours per week, must be paid at a rate of 1.5 of their agreed upon rate.

26. Plaintiff worked an average of 126-hours per week for $200.00/day from May 18, 2014-Janury 1, 2015. For this period of time, our calculated damages for compensatory, liquidated and punitive damages owed to Plaintiff are $30,720.

27. Plaintiff worked an average of 110-hours per week for $150.00/day from October 2015-February 2018. For this period of time, the calculated damages for compensatory, liquidated and punitive damages owed to Plaintiff are $177,187.50.

28. From February 5, 2018 to present, Plaintiff worked and continues to work as a live-in aide working on average 168-hours per week for $150.00/day. For this period of time, the calculated damages for compensatory, liquidated and punitive damaged owed to Plaintiff are $103,912.50.

29. The total estimated damages for violations of the Fair Labor Standards Act and the New York Labor Law owed to Plaintiff amount to at least $281,100.00.

30. Moreover, under the FLSA, attorneys' fees are payable as well.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

34. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

35. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

36. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCCRR*

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

40. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCCRR's overtime provisions.

41. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

42. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 652 and 12 NYCCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

46. As also described above, Plaintiff worked days where his spread of hours exceeded ten, yet Defendants failed to compensate him in accordance with the NYLL's and the NYCCRR's spread-of-hours provisions.

47. Plaintiff is entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which his spread of hours exceeded ten.

48. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's spread-of-hours provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

51. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

52. As also described above, Defendants failed to furnish Plaintiff with wage statements on each payday that accurately contained the criteria that the NYLL requires.

53. As a result, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violations occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

56. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

57. As also described above, Defendants failed to furnish Plaintiff with an accurate wage notice at hire containing all of the criteria required under the NYLL.

58. As a result, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violation initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

59. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

  b. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

  c. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

  d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  e. Awarding Plaintiff her reasonable attorneys' fees, as well as her costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

  f. Pre-judgment and post-judgment interest, as provided by law; and

  g. Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   December 5, 2018

             ANTIN, EHRLICH & EPSTEIN, LLP

            By: _____
             Scott W. Epstein (SWE-5245)
             Attorneys for Plaintiffs
             49 West 37th Street, 7th Floor
             New York, New York 10018
             (212) 221-5999
             sepstein@aeelaw.com