Pg1  Case #1:18-cv-06961-DLI-VMS

Montaque v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon



1.          John Longo and Jacqueline Gorman (Defendants) are representing themselves regarding
Civil Action No. 18-Cu-06961. The Defendants recognize this summons made by Novlette Montaque
(Plaintiff) and motion to dismiss the demanded trial under Rule 12 of the Federal Rules of Civil
Procedure. Service of process on the defendant/defendants in this case was not proper. The
Defendants reside at different addresses and neither Defendant received the summons personally or
signed for it. Defendant Gorman did not receive any documentation at all and Defendant Longo
found documents sitting on the stairs in front of his home several days later from the time it was
filed. Longo, when he returned home after the Holidays questioned whether or not the summons
was falsified due to the nature of how he received it. On January 2nd, 2019 Defendant Longo went to
the Eastern District of New York at 225 Cadman Plaza East to inquire. Longo was informed it was real
and instructed that it might already be 21 days since it was served. Given the nature of how and
when it was received, the process of answering was delayed. Defendant Longo responded as quickly
as possible and recognizes the severity of the situation and he asks that these circumstances be
considered.

2.          Gorman, who became a widow in 2014, had become depressed and she needs medication
daily. The Plaintiff, whom had met Defendant Longo's wife at work, got on the conversation of how she
cares for elderly people. This was how the Plaintiff became involved with the care of Gorman. Plaintiff
said she did not mind traveling to Gorman's residence in Brooklyn to meet her. Defendant Gorman
approved that the Plaintiff visit once or twice a week. Plaintiff established a flat rate of $200 per day.
Gorman agreed to this but said upon moving to Staten Island the rate would change to $150 per day
because there were no longer extensive traveling expenses. Plaintiff agreed to these terms. Longo is in
fact the brother of Gorman, he was not POA at this time. Defendant Longo did not provide direction for
Gormans's care.  Plaintiff wrote out her own checks from Gormans account, authorized and signed by
Defendant Gorman.

 Around February 6th 2018, Gorman did indeed move into the Plaintiffs residence as a substitute for
someone in her residency that was moving out. This was agreed upon, even suggested by the Plaintiff.
Plaintiff was not a 24 hour live-in employee of the defendant and agreed to work with other caretakers
part-time. Shortly after the defendant Gorman moved in she reneged on this verbal agreement and
insisted that she be the only aid involved in Gorman's care. Gorman was to pay rent in addition to wages
for time worked.

Pg2  Case #1:18-cv-06961-DLI-VMS

Montaque v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon

Defendants paid agreed upon terms previously discussed and fully understood by Plaintiff. Plaintiff decided her own hours and refused other caretakers to be in her home. Defendant never agreed to pay any additional expenses other than rent and salary for services rendered as per the verbal agreement with the Plaintiff.

3.       Defendants paid for services and care of Gorman at the reduced rate of $150.00 per day. Hours worked were decided by the Plaintiff and Defendant Gorman was also responsible for rent for staying in Plaintiffs place of residence. Wage statements and spread-of-hours compensation were not part of the terms and Plaintiff did knowingly and willingly continue to work and accept, even make out Gorman's checks as payment for services.

4.       Defendants both reside in New York, Gorman currently at Plaintiffs place of residence.

5.       Venue not applicable.

6.       Plaintiff provided care for Gorman as one of three part-time PCA's and did not get paid hourly or work a standard 40 hour week. FLSA, the NYLL, and NYCCRR is not applicable.

7.       Defendant Gorman was and still is a resident of New York with a primary address currently in the Plaintiffs place of residence.

8.       Defendant Longo was and still is a resident of New York with a primary address of 34 Burchard Court, Staten Island, N.Y..

9.       At all relevant times, Plaintiff was not personally managed or directed by Longo, nor was he involved in overseeing day to day operations of Plaintiff.  Plaintiff's rate was not of an hourly nature. Hours were scheduled by the Plaintiff at all times. Method of payment  was always through Gorman's bank account and written out and agreed upon by Novlette Montaque. This name appears in Plaintiff's own handwriting on checks intended for payment and signed by Gorman. The power to hire and fire was not the responsibility of Longo and he did not enter the home of Gorman and the Plaintiff on a day-to-day basis.

10.      Defendants were not "employers" and not within the meaning of the FLSA and the NYLL.

11.      Beginning May 2014, home care services were partially provided by Plaintiff to ensure Defendant Gorman was taking her medication and provide  some companionship at her then home address of 2302 Jerome Avenue, Brooklyn, NY 11235.

Pg3  Case #1:18-cv-06961-DLI-VMS

Montaque v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon

12.     The care by Plaintiff was to be provided to Defendant Gorman without set hours and to be decided by Plaintiff.  She informed the Defendants that she worked for "Chinese-American Agency" as well as caring for her two daughters preventing her from working full time.

13.     Payment was provided by Defendant Gorman only at all times, Defendant Longo was not even POA in 2014.

14.     The Plan of care and services to be provided was established by Defendant Gorman only.

15.     On July 12th 2015, as per the receipt from Verrazano Moving and Storage Inc., Defendant Gorman moved from 2302 Jerome Avenue, Brooklyn, New York 11235 to 40 Endor Avenue, Staten Island, New York 10301.

16.     Plaintiff was informed that the difference in traveling expenses no longer having to go from Staten Island to Brooklyn will affect the flat rate she will be given and reduced to $150 per day. Plaintiff agreed to these terms.

17.     After this change of residency, Plaintiff cared for Gorman with no set or agreed upon hours between her and Defendants. Decisions on hours of service were made by Plaintiff and Defendant Gorman, she only worked two to three days per week.

18.     Plaintiff was given notice verbally about a reduction in pay from $200 per day to $150 per day, as a flat rate only. These agreed upon terms by Plaintiff can be reflected by the continued payment by check from Gorman's bank account.  Novlette Montaque appears on these checks and were even written out by the Plaintiff to be signed and authorized by Gorman.

19.     Defendant Gorman moved into Plaintiffs residence on February 6th, 2018 as suggested by Plaintiff in order to replace a tenant moving out of that residence. Plaintiff was not told to provide around the clock assistance. Defendant Gorman did not need around the clock care.

20.     Plaintiff was told about the compensation rate in a timely manner and agreed never mentioning around the clock assistance. Defendant Longo only assisted in the process leading to Gorman moving into Plaintiffs home and was allowed in to later have that privilege taken away. Plaintiff did not make demands and welcomed Gorman into her home with the hopes of not losing partial rent because of the person moving out of this residence.

Pg4 Case #1:18-cv-06961-DLI-VMS

Montaque v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon

21.      Defendant Longo discussed the aforementioned decision with the Plaintiff that she would receive $750 per month for rent by Gorman, living expenses were not discussed. The flat rate of $800 per week, not per month, was for any services and care of Gorman. These were Plaintiff's demands once she moved in.

22.      When Defendant Longo informed the Plaintiff that for temporary care, an agency excepted by Gorman's insurance company was necessary. He suggested the Plaintiff work under the agency Chinese American. Plaintiff adamantly refused this course of action and decided to care for Gorman under her own terms to prevent anyone from entering the residence including Defendant Longo. Longo never told the plaintiff she would not be compensated for her care. Plaintiff at this point made it clear that she wanted Gorman out of the residence and claimed she wanted "privacy for her daughters" and wanted NOONE in the house. Gorman does not need around the clock care and her health deteriorated since moving in.

23       It was unknown to what extent the terms of Gormans necessary care were being administered by the disgruntled Plaintiff during the first few weeks of October 2018. Longo was unable to phone or visit his sister Gorman at this point and for this reason The Community Agency for Seniors was contacted to ensure the safety and care of Gorman was adhered to. Shortly after Jeannie Zieff from this agency visited the residence of the Plaintiff and Defendant Gorman. Jeannie was denied entry into the home and Longo was contacted with concern for Gorman's well-being. She felt strongly about involving authorities to gain access yet Defendant Longo said before doing so he would contact the Plaintiff by phone and speak to her to arrange another visit. Jeannie returned with the Plaintiffs permission and was granted access into the residence of the Plaintiff. The so-called around the clock care being given to Gorman did not include proper housekeeping, basic sanitary conditions, bathing aid and grooming help. She mentioned seeing dead fly strips hanging several times after evaluating the home and was concerned about the care being given to Defendant Gorman.  Gorman was not scheduled for necessary physical therapy that lead to decline in her health and dental work had not been done either. During this month no receipts were provided by the Plaintiff for reimbursement to prove otherwise.

24.      For the questionable care evaluated by a social worker, Plaintiff has shown to be negligent in the pursuit to alienate Defendant Gorman from outside care and her brother, Defendant Longo. Plaintiff is not entitled to payment/compensation for 24 hour live-in employment in accordance with FLSA and New York Labor Law. An hourly wage was never conceptualized for the Plaintiff's care of Gorman and only a flat rate was discussed and agreed to by both parties.

Pg5 Case #1:18-cv-06961-DLI-VMS

Montague v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon

25.    The law requires that employers pay both the minimum or agreed upon wage for all straight time hours, the agreed upon wage in this case was adhered to in a timely manner shown on the dated checks that the Plaintiff accepted. Plaintiff never worked over forty hours.

26.    Plaintiff, according to her own terms, never worked 126 hours per week.

27.    As described above, she worked substantially less than the 110 hours the Plaintiff claimed to have worked. Plaintiff was paid for the period of time she cared for Defendant Gorman.

28.    From Feb 5th,2018 to present, Plaintiff still holds a second job, leaving her daughters at home with Defendant Gorman and absolutely does not work 168 hours per week. Damages are not applicable.

29.    There were no violations of the FLSA and the New York Labor Law.

30.    Attorney fees also do not apply as Plaintiff was paid for services.

31.    Defendants Longo and Gorman have proof of payment to the Plaintiff that will show that many if not all allegations made by Plaintiff are untrue.

32.    29 USC 207a applies to employees working over forty hours in a workweek, this excludes the Plaintiff.

33.    As described above, Plaintiff alleges she has worked a forty hour or longer work week when she has not. Plaintiff is not an employee that is within the meaning of FLSA.

34.    As also described Plaintiff worked under her own terms and hours for a flat rate, not an hourly rate.

35.    Plaintiff is not entitled to overtime pay as a flat rate was provided and agreed to.  Let the Defendants reiterate she, the Plaintiff did not work in excess of a 40 hour work week.

36.    Plaintiff is not entitled to liquidated damages and attorneys fees for defendant's so-called violations of the FLSA overtime provisions.

37.    Defendants repeat and reiterate that allegations made by Plaintiff are untrue.

38.    New York labor law requires employees to compensate their employees who worked exceeding 40 hours in a work week. Plaintiff did not work over 40 hours in a work week.

Pg6 Case #1:18-cv-06961-DLI-VMS

Montaque v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon

39.     As described above defendants are not employers within the meaning of the New York labor law and the NYCCRR. Plaintiff is not an employee within the meaning of the New York labor law and the NYCCRR.

40.     Plaintiff did not work in excess of 40 hours in a work week and defendant Gorman compensated plaintiff for all days worked.

41.     Plaintiff is not entitled to overtime pay in excess of 40 hours at a rate of 1 1/2 times his regular rate of pay.

42.     Plaintiff is not entitled to liquidated damages, interest or attorney fees. Defendants Longo and Gorman did not violate the New York Labor Law or NYCCRR'S overtime provisions.

43.     Defendant repeats and reiterates that each allegation made by plaintiff does not apply to the defendants.

44.     NYLL and NYCCRR provide that an employee working in a hospitality industry shall receive one hours pay at the minimum hourly wage rate for days worked in which the spread of hours exceeds ten. Flat rate PCA's in this case did not exceed ten hours on days worked and agreed not to be on an hourly basis for services, that of which includes the Plaintiff.

45.     As described above defendants are not employers within the meaning of the NYLL and NYCCRR. Plaintive did not exceed the spread of hours exceeding 10 per workday.

46.     As also described above plaintiff chose her own hours and terms for the care of defendant Gorman. Defendant Gorman not only compensated plaintiff but did so in a timely manner as per the dated checks from defendant Gorman's bank account.

47.     Plaintiff is not entitled to spread of hours pay in the amount of one hours pay at the minimum hourly wage rate for any day worked in which his spread of hours exceeded ten.

48.     Plaintiff is not entitled to liquidated damages, interest, or attorney fees

49.     Defendants repeat and reiterate that mostly all allegations set forth are untrue.

50.     NYLL requires that employers furnish employees with wage statements containing accurate specifically enumerated criteria on each occasion when the employer pays wages to the employee, yet the Plaintiff was paid as agreed on a flat rate basis. Statements were not discussed.

Pg7  Case #1:18-cv-06961-DLI-VMS

Montaque v. Gorman

Assigned to:Chief Judge Dora Lizette IriZarry

Referred to:Magistrate Judge Vera M. Scanlon

51.    Defendants are not employers within the meaning of the NYLL and the plaintiff is not an employee within the meaning of the NYLL.

52.    Defendant Gorman did not furnish plaintiff with wage statements because these weren't the terms of the agreement. Defendant Longo did not issue payment to the plaintiff.

53.    As a result defendants are not liable for any amount for each work day as no violations occurred with respect to the NYLL.

54.    Defendants repeat and reiterate Plaintiff's allegations are untrue.

55.    Not applicable to Plaintiff or Defendants.

56.    As described above defendants are not employers within the meaning of NYLL and plaintiff is not an employee within the meaning of NYLL.

57.    Defendant Longo did not issue payment to the plaintiff. Not applicable to the situation therefore not applicable to Plaintiff or Defendants.

58.    As a result pursuant to the NYLL Defendants are not liable to plaintiff for any amount for each workday such that no violation occurred.

59.    Plaintiff made wild accusations and alleges she was not compensated for services. Terms of Gorman's care were willingly agreed to by the Plaintiff. If a trial should be demanded, proof of such false allegations will be provided however Defendants under Rule 12 of the Federal Rules of Civil Procedure motion to dismiss. Service of process on the Defendant/Defendants  was not proper.

John ...
Borchied Court
Staten Island, N.Y 10314

U.S POSTAGE PAID
STATEN ISLAND, NY
10314
AMOUNT
$8.04
11201-1632    R2305H127312-30

CERTIFIED MAIL

7018 0680 0001 201

PRO SE WRIT CLERKS

RETURN PAPERS
REQUESTED

ATTN: Pro Se Office

United States District Court

For the

Eastern District of New York

225 Cadman Plaza East

Room 118S

Brooklyn NY11201

8:30 AM- 4:45 PM

(718) 613-2665

ACO
**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

JAN 11 2019    ★

BROOKLYN OFFICE

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:18-cv-06961-DLI-VMS

Montaque v. Gorman et al
Assigned to: Chief Judge Dora Lizette Irizarry
Referred to: Magistrate Judge Vera M. Scanlon
Cause: 05:704 Labor Litigation

Date Filed: 12/06/2018
Jury Demand: Both
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Novlette Montaque**

represented by **Scott W Epstein**
Antin Ehrlich & Epstein
49 West 37th Street
7th floor
New York, NY 10018
212-221-5999
Fax: 212-221-6867
Email: sepstein@aeelaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jacqueline Gorman**

**Defendant**

**John Longo**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2018 | 1 | COMPLAINT against Jacqueline Gorman, John Longo filing fee $ 400, receipt number ANYEDC-11001650 Was the Disclosure Statement on Civil Cover Sheet completed -yes, filed by Novlette Montaque. (Attachments: # 1 Proposed Summons, # 2 Civil Cover Sheet) (Epstein, Scott) Modified on 12/12/2018 (Bowens, Priscilla). (Entered: 12/06/2018) |
| 12/11/2018 | | NOTICE - the Clerk's Office cannot assign this case without a completed Civil Cover Sheet. Counsel is directed to forward a completed Civil Cover Sheet, answering all questions in *** NY-E DIVISION OF BUSINESS RULE 50.1(d)(2) and CERTIFICATION OF ARBITRATION ELIGIBILITY *** section on the second page. This document can be found under the event Other Documents - Proposed Summons/Civil Cover Sheet. (Bowens, Priscilla) (Entered: 12/11/2018) |

| 12/12/2018 | 2 | Civil Cover Sheet.. Re 1 Complaint, by Novlette Montaque (Epstein, Scott) (Entered: 12/12/2018) |
| 12/12/2018 | | Case assigned to Chief Judge Dora Lizette Irizarry and Magistrate Judge Vera M. Scanlon. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Bowens, Priscilla) (Entered: 12/13/2018) |
| 12/12/2018 | 3 | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 12/13/2018) |
| 12/13/2018 | 4 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts /FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Bowens, Priscilla) (Entered: 12/13/2018) |
| 12/13/2018 | 5 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Bowens, Priscilla) (Entered: 12/13/2018) |

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NOVLETTE MONTAQUE

**DEFENDANTS**
JACQUELINE GORMAN and JOHN LONGO

**(b)** County of Residence of First Listed Plaintiff   Richmond
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Richmond
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott W. Epstein, Esq. - Antin, Ehrlich & Epstein, LLP
49 West 37th Street, New York, New York 10018

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 367 Health Care/ Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
(FLSA) 29 U.S.C. 207(a); NYLL 160; N.Y. Comp. Codes R & Regs NYCRR tit. 12, 142-2.2
Brief description of cause:
Violation of fair labor standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 281,100.50

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE  12.6.18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☐     the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☐ No

2.)     If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☐ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐    Yes            ☐    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐    Yes    (If yes, please explain    ☐    No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| NOVLETTE MONTAQUE | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | Civil Action No. 18-CV-06961 |
| v. | ) | |
| JACQUELINE GORMAN and JOHN LONGO | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   JACQUELINE GORMAN
37 Van Name Avenue, 2nd Floor
Staten Island, NY 10303

JOHN LONGO
34 Burchard Court
Staten Island, NY 10312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

ANTIN, EHRLICH & EPSTEIN, LLP             NOVLETTE MONTAQUE
49 West 37th Street                                  37 Van Name Avenue, 2nd Floor,
New York, NY 10018                                Staten Island, NY 10303

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: **12/05/2018**

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NOVLETTE MONTAQUE,

                        Plaintiff,

        -against-

JACQUELINE GORMAN and JOHN LONGO

                        Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.: 18 - CU - 0696 1

**Jury Trial Demanded**

      NOVLETTE MONTAQUE ("Plaintiff"), by and through her attorneys, ANTIN, EHRLICH & EPSTEIN, LLP, as and for her Complaint against JACQUELINE GORMAN ("Gorman") and JOHN LONGO ("Longo"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

      1.     This is a civil action for damages and equitable relief based upon violations by Defendants of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's and NYCCRR's requirement that hospitality employees receive one hour's pay at the minimum wage rate for any day in which their spread of hours exceeds ten, NYLL § 652(1); NYCCRR tit. 12, § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Gorman is an elderly lady who needs almost constant care. Longo is the brother of Gorman and provides direction for the care of Gorman on his behalf and pursuant to a Power of Attorney. Plaintiff worked for Defendants as an independently-hired, private-pay Personal Care Aide (PCA) from May 18th, 2014, through the present and continuing. As described below, from May 18th, 2014, through January 1, 2015, Defendants paid Plaintiff a flat salary of $200.00 per day. Around October 2015, Plaintiff's compensation was unilaterally lowered to $150.00 per day by Defendants without prior written notice or consent. On February 5, 2018, Gorman moved into Plaintiff's residence whereby Plaintiff became a 24-hour live-in employee of Defendants. Gorman was to pay Plaintiff for her room and board, etc. in addition to the wages for care. Defendants failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, from around October 2015 through the present and continuing. Defendants paid Plaintiff a flat salary of $150.00 per day that was intended to cove her full pay, and paid her nothing for any hours that she worked in a week in excess of forty hours, did not reimburse her expenses, and did not pay any other required FLSA or NYLL required compensation.

3.      Defendants also failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when his spread of hours exceeded ten during a given day, as the NYLL and NYCCRR require. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday or with an accurate wage notice at the time of her hire, both as the NYLL requires.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

7.      At all relevant times herein, Defendant Gorman was and is a resident of New York with a primary address currently in the home of Plaintiff.

8.      At all relevant times herein, Defenant Longo was and is a resident of New York with a primary address of 34 Burchard Court, Staten Island, NY.

9.      At all relevant times herein, as directed by Defendants, Defendant Gorman was and is the recipient of care provided by Plaintiff. In that capacity, Defendant Longo personally managed and oversaw the day-to-day operations of Plaintiff, and was ultimately responsible for all matters with respect to determining Plaintiff's rates and methods of pay and hours worked. Furthermore, Defendants had the power to hire and fire and approve all personnel decisions with respect to Plaintiffs employment, and Defendants did in fact hire Plaintiff. Defendant Longo also directly supervised Plaintiff.

10.      At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL.

## BACKGROUND FACTS

10.      As directed by Defendants, Defendant Gorman was a recipient of care by Plaintiff, who worked as a PCA.

11.      Beginning on May 18th, 2014, home care services by Plaintiff were provided to Defendant Gorman at her then home address of 2302 Jerome Avenue, Brooklyn, NY 11235.

12.      The care by Plaintiff was to be provided to Defendant Gorman between the hours of 6:00 a.m. and 12:00 a.m. at the agreed compensation of $200 per day.

13.    Payment was provided directly by Defendant Gorman, with Defendant Longo signing as the Attorney-in Fact.

14.    The plan of care and services to be provided were established by Defendants.

15.    On January 1, 2015, Defendant Gorman moved from 2302 Jerome Avenue, Brooklyn, New York 11235 to 40 Endor Avenue, Staten island, New York 10301.

16.    Plaintiff continued her employment with Defendants with the expectation of the same compensation and hours of work.

17.    After this change of residency, Plaintiff continued her employment with updated hours of 7:00 a.m. to 11:00 p.m. for $200.00 per day.

18.    Around October 2015, Plaintiff's compensation was unilaterally lowered to $150.00 per day by Defendants without prior written notice or consent.

19.    At Defendants request, Defendant Gorman moved into Plaintiffs residence on February 5, 2018, due to Defendant Gorman's diminished health and need for almost around-the-clock assistance.

20.    Plaintiff tried to discuss appropriate compensation for the around-the-clock services but Defendant's continued to prolong the discussion and continued with the move-in without addressing Plaintiff's demands.

21.    Instead, Defendant Longo arranged to pay Plaintiff $800.00 per month for living expenses for Defendant Gorman in addition to the unilaterally set $150.00 per day for Plaintiffs care.

22.    Despite that fact, Defendant Longo informed the Plaintiff on September 10, 2018 that effective October 1, 2018 she will no longer be compensated for her care of Defendant Gorman, the Defendant remains in the care of the Plaintiff 24-hours-per-day. Defendant Gorman is in need of almost constant care, which is provided by the Plaintiff.

23.    The around-the-clock care includes, but is not limited to, meal preparation, housekeeping, medication assistance, toileting and bathing aid, laundry and grooming help, social companionship, etc. Plaintiff has also assisted Defendant Gorman on countless doctors' appointments, and covered all transportation fees along with co-payment fees without any form of compensation or reimbursement in return.

24.    As payment for her 24-hour live-in employment, Plaintiff must be compensated in accordance with the Fair Labor Standard Act and New York Labor Law for minimum wage compensation, overtime compensation and spread-of-hours pay, amongst other various Federal and State wage and hour laws.

25.    The law requires that employers pay both the minimum or agreed-upon wage for all straight time hours and that those payments are timely. Furthermore, the law explicitly states that time worked after 40 hours per week, must be paid at a rate of 1.5 of their agreed upon rate.

26.    Plaintiff worked an average of 126-hours per week for $200.00/day from May 18, 2014-Janury 1, 2015. For this period of time, our calculated damages for compensatory, liquidated and punitive damages owed to Plaintiff are $30,720.

27.    Plaintiff worked an average of 110-hours per week for $150.00/day from October 2015-February 2018. For this period of time, the calculated damages for compensatory, liquidated and punitive damages owed to Plaintiff are $177,187.50.

28.    From February 5, 2018 to present, Plaintiff worked and continues to work as a live-in aide working on average 168-hours per week for $150.00/day. For this period of time, the calculated damages for compensatory, liquidated and punitive damaged owed to Plaintiff are $103,912.50.

29.    The total estimated damages for violations of the Fair Labor Standards Act and the New York Labor Law owed to Plaintiff amount to at least $281,100.00.

30.    Moreover, under the FLSA, attorneys' fees are payable as well.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

31.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

34.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

35.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

36.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

37.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

40.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCCRR's overtime provisions.

41.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

42.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

43.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.     NYLL § 652 and 12 NYCCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

45.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

46.     As also described above, Plaintiff worked days where his spread of hours exceeded ten, yet Defendants failed to compensate him in accordance with the NYLL's and the NYCCRR's spread-of-hours provisions.

47.     Plaintiff is entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which his spread of hours exceeded ten.

48.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's spread-of-hours provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

49.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

51.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

52.     As also described above, Defendants failed to furnish Plaintiff with wage statements on each payday that accurately contained the criteria that the NYLL requires.

53.     As a result, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violations occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

54.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

56.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

57.     As also described above, Defendants failed to furnish Plaintiff with an accurate wage notice at hire containing all of the criteria required under the NYLL.

58.     As a result, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violation initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

59.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

      b.      An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

      c.      All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

      d.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      e.      Awarding Plaintiff her reasonable attorneys' fees, as well as her costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

      f.      Pre-judgment and post-judgment interest, as provided by law; and

      g.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
      December 5, 2018

                   ANTIN, EHRLICH & EPSTEIN, LLP

             By: _____
                 Scott W. Epstein (SWE-5245)
                 Attorneys for Plaintiffs
                 49 West 37th Street, 7th Floor
                 New York, New York 10018
                 (212) 221-5999
                 sepstein@aeelaw.com